UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10250

UNITED STATES OF AMERICA

v.

ALEXIS BAEZ

ORDER

September 15, 2020

ZOBEL, S.D.J.

On August 21, 2019, defendant pled guilty to an Information charging him with six counts of Possession with Intent to Distribute and Possession of Fentanyl in violation of 21 U.S.C. § 841(a)(1) and was subsequently sentenced to 48 months imprisonment followed by three years of supervised release. He filed a request for compassionate release with the warden at USP Lewisburg based on the threat COVID-19 poses to his health, which petition the warden denied. The matter is now before me on defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Docket # 28.

A motion for compassionate release may only be granted upon a determination that there are "extraordinary and compelling reasons" to warrant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant, who is 52 years old, suffers from numerous medical conditions, including Type II diabetes mellitus and hypertension, and asserts that he is in danger of developing serious complications if he contracts COVID-19. The government concedes that the risk to defendant is an "extraordinary and compelling

reason[]" that allows a reduced sentence, but nonetheless opposes the motion based on § 3553(a) factors and the Bureau of Prison's response to the pandemic.

Defendant pled guilty to a six-count Information charging him with possession with intent to distribute a total of more than 1.2 kilograms of fentanyl, an amount that called for a ten-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(vi). Nonetheless, defendant, who had no criminal record, was able to avail himself of the safety valve, 18 U.S.C. § 3553(f). To date, he has served only 16 months of his already substantially reduced 48-month sentence. Defendant's vulnerability to COVID-19 is not in dispute. However, the BOP and USP Lewisburg implemented extensive measures to reduce the likelihood of infection that included suspending non-essential visits to the prison, limiting inmate and staff movement, screening inmates and staff, and quarantining new inmates with potential exposure to the virus. At this juncture, defendant does not demonstrate that these safeguards are insufficient to protect him from infection. The drug quantity and seriousness of the offense weigh heavily against a further reduction of defendant's sentence to time served.

The Motion to Reduce Sentence (Docket # 28) is DENIED without prejudice to renewal should defendant's health become seriously compromised.

_September 15, 2020_
DATE

_/s/ Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE